PER CURIAM.
A.M. appeals a judicial review hearing order involving her two children who were adjudicated dependent in 2008, and reached permanency in 2012. Her appeal claims among other things that the court’s order incorrectly denied a motion for reunification and failed to make adequate statutory findings. There is no record indication, however, that A.M. actually moved for reunification. Neither a motion for reunification, nor an order deciding a motion for reunification appears in the record. Furthermore, the record of the December 2012 hearing — which gave rise to the order that A.M. appeals here — does *999 not indicate that A.M. supported a motion for reunification with the statutorily required “demonstrat[ion] that the safety, well-being, and physical, mental, and emotional health of the child[ren are] not endangered by the modification.” § 39.621(9), Fla. Stat. Finally, if statutory deficiencies existed in the trial court’s order, Appellant needed to preserve these issues “by a motion for rehearing or ... [by otherwise bringing] the claimed deficiency to the attention of the trial court at a point when it could have been corrected.” D.T. v. Fla. Dep’t of Children & Families, 54 So.3d 632, 633 (Fla. 1st DCA 2011).
We find no merit in Appellant’s other arguments and therefore affirm the trial court.
LEWIS, C.J., MARSTILLER, and OSTERHAUS, JJ„ concur.